IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LASONJA PORTER, et al.,

    Plaintiffs,                    No. CIV S-06-2099 MCE GGH PS

    vs.

CITY OF DAVIS POLICE DEPARTMENT, et al.,

<u>ORDER AND FINDINGS AND RECOMMENDATIONS</u>

    Defendants.

_____/

        Plaintiffs are proceeding in this action pro se and in forma pauperis. This proceeding was referred to this court by Local Rule 72-302(c)(21).

        On December 4, 2006, this court directed plaintiffs to file an amended complaint, and to obtain counsel for their minor children who were plaintiffs. Plaintiffs have now filed an amended complaint in which they have eliminated the minors as plaintiffs.

        The determination that plaintiffs may proceed in forma pauperis does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. The court cannot make this determination on the present

1

record.  Therefore, the court reserves decision on these issues until the record is sufficiently developed.

Plaintiffs have named two defendants who were acting in their capacity as prosecutors, David Henderson[1] and Chris Burkely.

Prosecutors are absolutely immune from civil suits for damages under § 1983 which challenge activities related to the initiation and presentation of criminal prosecutions. Imbler v. Pachtman, 424 U.S. 409 (1976).  Determining whether a prosecutor's actions are immunized requires a functional analysis.  The classification of the challenged acts, not the motivation underlying them, determines whether absolute immunity applies.  Ashelman v. Pope, 793 F.2d 1072 (9th Cir. 1986)(en banc).  The prosecutor's quasi-judicial functions, rather than administrative or investigative functions, are absolutely immune.  Thus, even charges of malicious prosecution, falsification of evidence, coercion of perjured testimony and concealment of exculpatory evidence will be dismissed on grounds of prosecutorial immunity.  See Stevens v. Rifkin, 608 F.Supp. 710, 728 (N.D. Cal. 1984).

The allegations against these prosecutors are that the District Attorney for Yolo County approved a discriminatory practice, policy, procedure and custom which harmed plaintiff Jones.  It is not clear at this stage of the proceedings whether Henderson is absolutely immune based on the allegations.  Therefore, plaintiffs will be permitted to proceed against this defendant at the present time, as well as all other defendants except defendant Burkely.

Plaintiffs allege that prosecutor Burkely withheld exculpatory evidence from the court.  This defendant is absolutely immune based on these allegations.

Accordingly, IT IS HEREBY RECOMMENDED that defendant Burkely be dismissed from this action with prejudice.

\\\\\

---

[1] Plaintiffs have incorrectly referred to Henderson as Davis Henderson.

1  These findings and recommendations are submitted to the United States District
2  Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within
3  twenty days after being served with these findings and recommendations, plaintiffs may file
4  written objections with the court.  The document should be captioned "Objections to Magistrate
5  Judge's Findings and Recommendations."  Plaintiffs are advised that failure to file objections
6  within the specified time may waive the right to appeal the District Court's order.  Martinez v.
7  Ylst, 951 F.2d 1153 (9th Cir. 1991).

8  Good cause appearing, IT IS ORDERED that:

9  1. The Clerk of the Court is directed to issue forthwith, and the U.S. Marshal is
10 directed to serve within ninety days of the date of this order, all process pursuant to Fed. R. Civ.
11 P. 4, including a copy of this court's status order, without prepayment of costs.

12 2. The Clerk of the Court shall send plaintiffs seven USM-285 forms, one
13 summons, a copy of the amended complaint, an appropriate form for consent to trial by a
14 magistrate judge, and this court's status order.

15 3. Plaintiffs are directed to supply the U.S. Marshal, within 15 days from the date
16 this order is filed, all information needed by the Marshal to effect service of process.  The court
17 anticipates that, to effect service, the U.S. Marshal will require at least:

18 a. One completed summons;
19 b. One completed USM-285 form for each defendant;
20 c. A copy of the endorsed filed amended complaint for each defendant,
21 with an extra copy for the U.S. Marshal; and
22 d. A copy of this court's status order for each defendant.

23 4. In the event the U.S. Marshal is unable, for any reason whatsoever, to
24 effectuate service on any defendant within 90 days from the date of this order, the Marshal is
25 directed to report that fact, and the reasons for it, to the undersigned.

26 \\\\\

1   5. The Clerk of the Court is directed to serve a copy of this order on the U.S.
2   Marshal, 501 "I" Street, Sacramento, Ca., 95814, Tel. No. (916) 930-2030.
3   DATED: 4/10/07

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS,
UNITED STATES MAGISTRATE JUDGE

GGH:076 - Porter2099.srv.wpd