IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LASONJA PORTER, et al.,

    Plaintiffs,                    No. CIV S-06-2099 MCE GGH PS

    vs.

CITY OF DAVIS POLICE DEPARTMENT, et al.,

    Defendants.                <u>ORDER AND FINDINGS AND</u>

                                                    <u>RECOMMENDATIONS</u>

_____/

        Plaintiffs have filed another document styled "application in order to amended motion and summary judgment motion," noticing it for hearing on November 29, 2007.[1] This motion, like plaintiffs' previously filed summary judgment motion, does not meet the pleading standards of Fed. R. Civ. P. 56 and E. D. Local Rule 56-260. It contains no statement of undisputed facts, supporting affidavits, or citation to evidentiary documents in support thereof. It

\\\\\

\\\\\

---

[1] The document contains the hearing date of November 29, 2009 which the court presumes is a typographical error.

1

1  also contains no memorandum of points and authorities.[2]

2  Accordingly, IT IS ORDERED that plaintiffs' motion for summary judgment,

3  filed October 1, 2007, is vacated from the calendar for November 29, 2007.

4  IT IS RECOMMENDED that plaintiffs' motion for summary judgment be denied.

5  These findings and recommendations are submitted to the United States District

6  Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within ten

7  (10) days after being served with these findings and recommendations, any party may file written

8  objections with the court and serve a copy on all parties.  Such a document should be captioned

9  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

10 shall be served and filed within ten (10) days after service of the objections.  The parties are

11 advised that failure to file objections within the specified time may waive the right to appeal the

12 District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

13 DATED: 11/21/07

14 /s/ Gregory G. Hollows

15 GREGORY G. HOLLOWS
   U. S. MAGISTRATE JUDGE

16 GGH:076:Porter2099.f&r.wpd

---

[2] To the extent that plaintiffs' motion can be construed to seek the default judgment of defendant Henderson, it is similarly defective.  See Fed. R. Civ. P. 55(b)(2).