1

2

3

4

5

6

7                    IN THE UNITED STATES DISTRICT COURT

8                  FOR THE EASTERN DISTRICT OF CALIFORNIA

9    LASONJA PORTER, et al.,

10          Plaintiffs,                    No. CIV S-06-2099 MCE GGH PS

11     vs.

12   CITY OF DAVIS POLICE
     DEPARTMENT, et al.,                   ORDER AND
13                                         FINDINGS AND RECOMMENDATIONS

14          Defendants.

15   _____/

16          Plaintiffs are proceeding in this action pro se and in forma pauperis.  This

17   proceeding was referred to this court by Local Rule 72-302(c)(21).  Previously pending on this

18   court's law and motion calendar for September 27, 2007, were motions to dismiss brought by

19   defendant Superior Court of California, County of Yolo, ("Superior Court") and defendants

20   Hyde, Pierce, Anderson, Bevugloz, and Franti, ("Hyde Defendants") who also bring a motion to

21   strike the amended complaint and supporting documents, filed February 9, 2007.  Plaintiffs

22   Porter and Jones appeared in pro se.  William Krabbenhoft appeared for defendant Superior

23   Court and John Whitesides appeared for the Hyde defendants.  Having reviewed the motions and

24   responsive papers, the court now issues the following findings and recommendations.

25   \\\\\

26   \\\\\

                                            1

I. BACKGROUND

This action is proceeding on the amended complaint, filed February 9, 2007. Plaintiffs are Lasonja Porter and Christopher Jones, African American residents of Davis. They bring this action under 42 U.S.C. §§ 1983 and 1988 for violation of their civil rights by the City of Davis and County of Yolo, due in part to their status as African Americans. They also plead various state law claims. They allege that they were singled out by the Yolo County Police Department which targeted them, filed falsified police reports and falsely arrested Chris Jones. Am. Compl. at 2. Because the amended complaint is rambling, the court has utilized defendants' organization of some of the facts by alleged incidents occurring on specific dates as follows.

July 17, 2004 - Unnamed Davis Police Department officers searched plaintiffs' home after asking children if parents were home, and they responded in the negative. Children were gathered in one room while police searched the house, including Porter's undergarments in her dresser drawers. Police later said they had an arrest warrant on Christopher Jones for a traffic infraction. After Jones was arrested, he was immediately released. Am. Compl. at 5-6.

September 23, 2004 - Defendant Bevugloz searched plaintiffs' residence pursuant to a search warrant, based on suspected identity theft by Jones. The facts presented to the judge to obtain the warrant were false in representing that the officer had a CD with Jones' name on it when it did not. After the family members left the residence, the officers "rammed down their door." Am. compl. at 5. Officers took personal belongings of the family members including clothes and Porter's underwear, and spread nude photos of Porter on her bed. Jones was then arrested for identity theft. Id.

December 20, 2005 - Jones was stopped, harassed, searched and falsely cited for not having a bike light, without probable cause or reasonable suspicion. Am. Compl. at 8. Although Jones showed the officer his bike light, the officer gave him the ticket anyway. Four to six officers arrived on the scene and searched Jones before he was asked for his I.D. One week before trial on this ticket, Jones received a letter that the case was dismissed because the officer was

1   unavailable for trial.

2   September 20, 2006 - Defendant Bevugloz misled Judge Shockely to sign a search warrant based

3   on a fraudulent account application that supposedly had Jones' name on it.  Defendant Burkely

4   received evidence against Jones, knowing his name was not on the CD or the application falsely

5   presented by Bevugloz.  Am. Compl. at 7.

6             Plaintiffs further contend that the Superior Court gave Lasonja Porter a hard time

7   when she requested documents concerning her juvenile son, and refused to give her a complaint

8   form. Id. at 10-11.  Plaintiffs also claim that Christopher Jones Jr.'s right to privacy was violated

9   when a transcript involving him was released to defendant Sergeant Anderson.  Plaintiffs seek

10  compensatory and punitive damages.

11  II.  LEGAL STANDARD FOR MOTION TO DISMISS

12            The complaint's factual allegations are accepted as true.  Church of Scientology of

13  California v. Flynn, 744 F.2d 694 (9th Cir.1984).  The court construes the pleading in the light

14  most favorable to plaintiff and resolves all doubts in plaintiff's favor.  Parks School of Business,

15  Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir.1995).

16            The court may disregard allegations contradicted by the complaint's attached

17  exhibits.  Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987); Steckman v. Hart

18  Brewing, Inc., 143 F.3d 1293, 1295 (9th Cir.1998).  Furthermore, the court is not required to

19  accept as true allegations contradicted by judicially noticed facts.  Mullis v. United States

20  Bankruptcy Ct., 828 F.2d 1385, 1388 (9th Cir. 1987).  The court may consider matters of public

21  record, including pleadings, orders, and other papers filed with the court.  Mack v. South Bay

22  Beer Distributors, 798 F.2d 1279, 1282 (9th Cir. 1986), abrogated on other grounds by Astoria

23  Federal Savings and Loan Ass'n v. Solimino, 501 U.S. 104, 111 S. Ct. 2166 (1991).  "The court

24  is not required to accept legal conclusions cast in the form of factual allegations if those

25  conclusions cannot reasonably be drawn from the facts alleged."  Clegg v. Cult Awareness

26  Network, 18 F.3d 752 (9th Cir. 1994).  Neither need the court accept unreasonable inferences, or

3

1    unwarranted deductions of fact.  See Western Mining Council v. Watt, 643 F.2d 618, 624 (9th

2    Cir. 1981).

3            Pro se pleadings are held to a less stringent standard than those drafted by lawyers.

4    Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 595-96 (1972).  Unless it is clear that no

5    amendment can cure its defects, a pro se litigant is entitled to notice and an opportunity to amend

6    the complaint before dismissal.  See Lopez v. Smith, 203 F.3d 1122, 1127-28 (9th Cir.2000) (en

7    banc); Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

8    III.  SUPERIOR COURT'S MOTION TO DISMISS

9            Defendant Superior Court brings this motion for failure to state a claim and

10   because the Eleventh Amendment bars these claims.

11           "The Eleventh Amendment bars suits against the State or its agencies for all types

12   of relief, absent unequivocal consent by the state."  Romano v. Bible, 169 F.3d 1182, 1185 (9th

13   Cir.1999) (citing Pennhurst v. Halderman, 465 U.S. 89, 100, 104 S. Ct. 900 (1984)); see also

14   Durning v. Citibank, N.A., 950 F.2d 1419, 1422-23 (9th Cir. 1991) (stating the Eleventh

15   Amendment bars virtually all suits seeking relief against a state, an "arm of the state," or its

16   agencies).  Section 1983 does not abrogate the states' Eleventh Amendment immunity from suit.

17   See Quern v. Jordan, 440 U.S. 332, 344-45, 99 S. Ct. 1139, 1147 (1979).  Accordingly, as a

18   general rule, states (or arms of the state) cannot be sued in federal court for violating § 1983.  A

19   California Superior Court and its employees are an arm of the state.  Simmons v. Sacramento

20   County Superior Court, 318 F.3d 1156. 1161 (9th Cir. 2003).  The Eleventh Amendment

21   likewise, in general, bars suits for damages against state officials in their official capacities,

22   because such a suit is in effect one against the state.  Kentucky v. Graham, 473 U.S. 159, 105 S.

23   Ct. 3099 (1985).

24           Eleventh Amendment immunity also is consistent with the general rule that states

25   or governmental entities that are considered 'arms of the State' for Eleventh Amendment

26   purposes are not 'persons' under § 1983."  Doe v. Lawrence Livermore National Laboratory, 131

1  F.3d 836, 839 (9th Cir. 1997) (citing Will v. Michigan Dep't of State Police, 491 U.S. 58, 109 S.

2  Ct. 2304, 2311 (1989)).

3         Notwithstanding Eleventh Amendment immunity, state officials nevertheless may

4  be sued for federal violations in their individual capacities for both damages and injunctive relief.

5  See Hafer v. Melo, 502 U.S. 21, 31, 112 S. Ct. 358, 365 (1991); Graham, 473 U.S. at 165-67,

6  105 S. Ct. at 3105-06; see also Ellis v. University of Kansas Medical Center, 163 F.3d 1186,

7  1196 (10th Cir.1998) ("[A] suit for prospective injunctive relief against a state official acting in

8  her official or individual capacity may still be brought in federal court . . ."); but see Idaho v.

9  Coeur d'Alene Tribe, 521 U.S. 261, 269, 117 S. Ct. 2028, 2034 (1997) ( to "interpret Young  to

10  permit a federal court action to proceed in every case where prospective declaratory and

11  injunctive relief is sought against an officer, named in his individual capacity, would be to adhere

12  to an empty formalism and to undermine the principle . . . that Eleventh Amendment immunity

13  represents a real limitation on a federal court's federal-question jurisdiction.").  Moreover, in a

14  case based on an ongoing violation of federal constitutional or statutory rights, a plaintiff may

15  obtain prospective injunctive relief by naming a state official in his or her official capacity.  Ex

16  parte Young, 209 U.S. 123, 155-56, 28 S. Ct. 441, 452 (1908); Edelman v. Jordan, 415 U.S. 651,

17  665, 94 S. Ct. 1347, 1357 (1974).

18         As a state governmental entity, the Superior Court of California, County of Yolo,

19  is immune from suit.  Simmons v. Sacramento County Superior Court, 318 F.3d 1156, 1161 (9th

20  Cir. 2003).  As state officials, its employees are also immune.  Plaintiffs have not alleged any

21  claims against this defendant that comports with any Eleventh Amendment immunity exceptions.

22  Accordingly, plaintiffs' amended complaint must be dismissed as to the Superior Court without

23  leave to amend.

24  \\\\\

25  \\\\\

26  \\\\\

1  IV.  MOTION TO DISMISS AND TO STRIKE BY DEFENDANTS HYDE, PIERCE,

2  ANDERSON, BEVUGLOZ, AND FRANTI

3          The Hyde defendants move to strike the amended complaint and supporting

4  documents because the amended complaint was not signed by plaintiffs, and the supporting

5  documents constitute an unsworn statement of facts outside the complaint.  They move to

6  dismiss the amended complaint for failure to state a claim.

7      A.  Motion to Dismiss

8          1.  July 17, 2004 Incident

9          This incident involved a search of plaintiffs' home while their children were home

10  alone.[1]  Defendants claim that claims regarding this incident are time barred.

11          For civil rights actions under 42 U.S.C. § 1983, federal courts apply the statute of

12  limitations of the state in which the claim arises.  See Donoghue v. County of Orange, 848 F.2d

13  926, 929 (9th Cir. 1987).  State law also determines the application of tolling doctrines.  See

14  Hardin v. Straub, 490 U.S. 536, 543-44 (1989) (relevant state tolling statutes apply to prisoners'

15  civil rights suits); Johnson v. Railway Express Agency, 421 U.S. 454, 464-65 (1975) (state

16  tolling provisions apply unless an important federal policy will be undermined by their

17  application).

18          Section 1983 actions are characterized as personal injury actions for purposes of

19  identifying the applicable statute of limitations.  See Wilson v. Garcia. 471 U.S. 261, 268-71, 276

20  (1985); Bianchi v. Bellingham Police Dep't., 909 F.2d 1316, 1317 (9th Cir. 1990).  In California,

21  the applicable statute of limitations is California Code of Civil Procedure § 335.1, which

22  provides for a limitations period of two years from the date the cause of action accrues.  See

23  Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004).

24  \\\\\

25

26      [1]  Plaintiff Chris Jones, Sr. was not prosecuted following his arrest on this date; therefore
    Heck v. Humphrey, 512 U.S. 444, 114 S.Ct. 2364 (1994), does not apply to this incident.

1    While normally the burden of proving that the statute of limitations has expired

2  falls on the defendant, see Bradford-White Corp. v. Ernst & Whinney, 872 F.2d 1153, 1161 (3d

3  Cir. 1989), when the statute of limitations defense shows on the face of the complaint, the burden

4  of alleging facts which would extend the statute falls upon the plaintiff.  Conerly v.

5  Westinghouse Elec. Corp., 623 F.2d 117, 120 (9th Cir.1980); Rutledge v. Boston Woven Hose &

6  Rubber Co., 576 F.2d 248, 249 (9th Cir.1978).  "[I]f the plaintiff . . . pleads facts and the facts

7  show that he is entitled to no relief, the complaint should be dismissed.  There would be no point

8  in allowing such a lawsuit to go any further; its doom is foretold."  American Nurses' Ass'n v.

9  Illinois, 783 F.2d 716, 727 (7th Cir.1986).  See Tregenza v. Great Am. Communications Co., 12

10  F.3d 717, 718 (7th Cir.1993) (where affirmative defense of statute of limitations follows

11  inevitably from facts pleaded in complaint, Rule 12(b)(6) dismissal may be proper), cert. denied,

12  511 U.S. 1085, 114 S. Ct. 1837, 128 L.Ed.2d 465 (1994); Thomas v. Farley, 31 F.3d 557,

13  558-559 (7th Cir.1994) (plaintiff choosing "to plead particulars, and they show he has no claim,

14  then he is out of luck – he has pleaded himself out of court.")

15    It appears that plaintiffs' claims accrued more than two years before they filed the

16  instant complaint.  The alleged wrongdoing occurred on July 17, 2004 and this action was filed

17  on September 21, 2006.

18    Plaintiffs concede they filed a late claim application regarding this incident;

19  however, they argue that they should be excused from the statute of limitations because when

20  they requested a copy of the police report, they were informed none was made, and because

21  defendants never advised them to file a complaint.  These reasons are not sufficient to toll the

22  statute of limitations.

23    2. September 23, 2004 Incident

24    This incident pertains to a search by Defendant Bevugloz of plaintiffs' residence

25  pursuant to a search warrant, based on suspected identity theft by Jones.  This search underlies an

26  ongoing criminal prosecution of plaintiff Jones.

1          In Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364 (1994), an Indiana state

2    prisoner brought a civil rights action under § 1983 for damages.  Claiming that state and county

3    officials violated his constitutional rights, he sought damages for improprieties in the

4    investigation leading to his arrest, for the destruction of evidence, and for conduct during his trial

5    ("illegal and unlawful voice identification procedure").  Convicted on voluntary manslaughter

6    charges, and serving a fifteen year term, plaintiff did not seek injunctive relief or release from

7    custody.  The United States Supreme Court affirmed the Court of Appeal's dismissal of the

8    complaint and held that:

9          in order to recover damages for allegedly unconstitutional
           conviction or imprisonment, or for other harm caused by actions
10         whose unlawfulness would render a conviction or sentence invalid,
           a § 1983 plaintiff must prove that the conviction or sentence has
11         been reversed on direct appeal, expunged by executive order,
           declared invalid by a state tribunal authorized to make such
12         determination, or called into question by a federal court's issuance
           of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages
13         bearing that relationship to a conviction or sentence that has not
           been so invalidated is not cognizable under 1983.

14

15   Heck, 512 U.S. at 486, 114 S. Ct. at 2372.  The Court expressly held that a cause of action for

16   damages under § 1983 concerning a criminal conviction or sentence cannot exist unless the

17   conviction or sentence has been invalidated, expunged or reversed.  Id.

18          Plaintiffs' claims for money damages in regard to the September 23, 2004 search

19   on grounds that the search and seizure were illegal, involve a criminal prosecution that is

20   currently ongoing.  However, Heck did not speak to the situation involving an ongoing criminal

21   proceeding.  The Supreme Court recently addressed such a situation and held that the statute of

22   limitations commences to run when it would normally commence to run.[2]  However, given the

23

24          [2] Heck was based on the premise that no cause of action has accrued until the conviction
     has been vacated or expunged.  Heck, 512 U.S. at 489, 114 S.Ct. 2373.  Until Wallace, Heck was
25   seen as barring any defendant/prisoner tort claim which might impugn the criminal judgment.
     The conceptual bases of Heck and Wallace seem irreconcilable.  Wallace does not answer the
26   situation where a cause of action might be accruing, but not expired when the entry of final
     judgment in a criminal action is entered.  If Heck is to be followed, the cause of action which

8

1   pendency of the criminal action, the Supreme Court recommends that the action be stayed "until
2   the criminal case or the likelihood of a criminal case is ended." Wallace v. Kato, ___ U.S. ___,
3   127 S. Ct. at 1098 (2007).

4          The court will not recommend staying the entire action at this time, but will await
5   further amendment of the complaint as outlined below.  After it is determined from the second
6   amended complaint whether the September 20, 2006 incident, (discussed *infra*), is related to
7   Jones' pending criminal case, the court will be able to make a determination as to what claims
8   are affected by Wallace v. Kato.

9          3.  December 20, 2005 Incident

10          Jones claims he was stopped, harassed, searched and falsely cited for not having a
11   bike light, without probable cause or reasonable suspicion.  Although Jones claims he did have a
12   bike light, the officer gave him a citation anyway, which was later dismissed.

13          This claim is not time barred and it does not appear to be related to pending
14   criminal proceedings against plaintiff Jones.  Based on the facts provided, however, it is not clear
15   whether the claim can go forward.  One of the problems with the amended complaint is that
16   plaintiffs have set forth no less than 18 claims for relief in regard to the three separate incidents,
17   two of which are to be dismissed on the instant recommendation.  See Am. Compl. at 14-23.  It is
18   unclear which of these 18 theories pertain to the December 20, 2005 bike incident.  Therefore, on
19   amendment, plaintiff Jones must specify the legal theories of recovery which pertain to this
20   event, and must only allege legal theories which are viable.

21          To state a § 1983 claim for relief, plaintiff must identify the specific constitutional
22   or other federal right allegedly infringed.  Baker v. McCollan, 443 U.S. 137, 140, 99 S. Ct. 2689,

23

24   once commenced running would then be deemed never to have accrued.  Even more confusing
     would be the situation where a cause of action had expired during the pendency of the criminal
25   action, but according to Heck would not have even accrued upon entry of final judgment.
     Confusing, to say the least. Perhaps Heck now only applies to suits which sound in malicious
26   prosecution.

2692 (1979) ("The first inquiry in any section 1983 suit is to isolate the precise constitutional

violation with which [the defendant] is charged").  Section 1983 does not protect rights

established by state statute or state constitution.  <u>Paul v. Davis</u>,  424 U.S. 693, 700, 96 S. Ct.

1155, 1160 (1976) (holding that: "Violation of local law does not necessarily mean that federal

rights have been invaded. . . . Congress should not be understood to have attempted

to make all torts of state officials federal crimes.").  <u>See also</u> <u>Daniels v. Williams</u>, 474 U.S. 327,

332, 106 S. Ct. 662, 665 (1986) (noting "the Supreme Court has repeatedly cautioned federal and

state courts against enlarging the "commodious" contours of section 1983 and the Fourteenth

Amendment so as to displace state tort law. . . . Thus, the mere fact that the allegedly tortious

conduct was performed by a state actor does not support its characterization as a constitutional

wrong.").

   Although many of the legal theories currently pled have no merit, the court will

only review a few of them by way of example.  Plaintiffs' claims for libel, slander or invasion of

privacy "false light," fail because libel, slander, and false light are state law tort causes of action

which do not rise to the level of a constitutional tort.  To the extent that plaintiffs' claims for

invasion of privacy and holding in a false light stem from the bicycle stop, any asserted violations

are beyond the purview of § 1983, as any injury alleged by plaintiff is not one of constitutional

magnitude.[3]  Plaintiffs' libel and slander claims are clearly barred by the no constitutional

defamation holding of  <u>Paul v. Davis</u>, <u>supra</u>.  In order to escape this proscription, plaintiff Jones

would have to allege that the bicycle stop, search, and citation somehow stigmatized him.

However, the allegations herein would never measure up to the requirements for stigma.  <u>See</u>,

<u>Morris v. Lindau</u>, 196 F.3d 102, 115 (2nd Cir. 1999); <u>Bollow v. Fed. Reserve Bank</u>, 650 F.2d

---

   [3]  These alleged violations appear more likely related to the search of plaintiff Porter's bedroom on September 23, 2004, which are implicated by <u>Wallace v. Kato</u> and <u>Heck</u>.  To the extent that a <u>Heck</u> bar does not apply to plaintiff Porter, as there is no criminal prosecution pending against her, her claims of invasion of privacy as pled do not arise to a constitutional level.

1   1093, 1101 (9th Cir. 1981).  Also, plaintiffs' invasion of privacy-false light claim also fails under

2   Paul v. Davis because it is the substantial equivalent of defamation.  Newcombe v. Adolf Coors

3   Co., 157 F.3d 686, 694 (9th Cir. 1998).

4          Another example of an asserted legal theory that will fail is plaintiffs' allegation

5   of a right to privacy under the Ninth Amendment.  The Ninth Amendment states that "[t]he

6   enumeration in the Constitution of certain rights shall not be construed to deny or disparage

7   others retained by the people."  This amendment does not independently create a constitutional

8   right for purposes of stating a claim.  Schowengerdt v. United States, 944 F.2d 483, 490 (9th Cir.

9   1991).  "The ninth amendment is *not* a source of rights as such; it is simply a rule about how to

10  read the Constitution."  Reno, 98 F.3d at 1125, quoting Laurence H. Tribe, American

11  Constitutional Law 776 n. 14 (2d ed. 1988) (emphasis in original).

12         Defendants argue that the California Tort Claims Act precludes the state law

13  claims because they were not presented within six months of accrual of the cause of action.  The

14  state law claims for relief set forth in the amended complaint are negligence, intentional infliction

15  of emotional distress, negligent infliction of emotional distress, abuse of process, malicious

16  prosecution and "malicious institution of adult proceeding," violation of California constitutional

17  right to privacy, "common law and statutory failure to protect private information," defamation,

18  due process and equal protection violations under the California constitution, California

19  constitutional right to be free unreasonable seizures and excessive force, Civil Code § 52.1(b),

20  and Civil Code § 51.7A.  Am. Compl. at 14-20.

21         Defendants argue that the claims have not been pled within six months of accrual,

22  pursuant to the California Tort Claims Act.  The amended complaint states,

23          [t]he next day [after the bicycle stop] Chris Jones and Lasonja
            Porter, filed a complaint against all involved parties and went to
24          the store to get a copy of the surveillance tape.  The store manager
            informed Chris Jones that a Davis Police officer, named Sergeant
25          Gina Anderson, came and took it.
                   Deprived of this evidence, still Chris Jones proceeded to
26          fight and filed a complaint against the officers and sent a copy to

11

1       the City manger [sic] office.  Chris Jones Sr. received a letter from
        Sergeant Gina Anderson which stated his complaint was
2       unfounded and the officers were not in the wrong.

3  Am. Compl. at 8:10-18.

4              "The [California] Tort Claims Act provides that a public entity is not liable for an

5  injury '[e]xcept as otherwise provided by statute' (Gov.Code, § 815).  ( Zelig v. County of Los

6  Angeles (2002) 27 Cal. 4th 1112, 1127, 119 Cal. Rptr. 2d 709, 45 P.3d 1171.)  The purpose of

7  the Tort Claims Act is not to expand the grounds for public entity liability, but to restrict those

8  grounds to '"rigidly delineated circumstances."' ( Id. at p. 1127, 119 Cal. Rptr. 2d 709, 45 P.3d

9  1171.)  Under the Tort Claims Act, public employees generally are liable for injuries caused by

10 their acts or omissions to the same extent as private persons. (Gov. Code, § 820, subd. (a.)).  A

11 public entity is vicariously liable for an injury proximately caused by an act or omission of its

12 employee within the scope of employment if the act or omission would give rise to a cause of

13 action against the employee. (Gov. Code, § 815.2, subd. (a.))  But a public entity is not

14 vicariously liable if the employee is immune from liability. ( Id., subds. (a), (b))."  Richards v.

15 Department of Alcoholic Beverages Control, 139 Cal. App. 4th 304, 317, 42 Cal. Rptr. 3d 782,

16 790 (Cal. App. 2nd Dist. 2006).

17             The Act provides in pertinent part that "[a] claim relating to a cause of action for

18 ... injury to person ... shall be presented as provided in Article 2 (commencing with Section 915)

19 not later than six months after the accrual of the cause of action."  Cal. Govt. Code § 911.2(a).

20             Although it is alleged that a complaint was filed and denied, it is not clear that a

21 complaint in compliance with the California Tort Claims Act was filed within the statutory

22 period.  Therefore, on amendment, plaintiff Jones shall plead whether he filed a claim that

23 comports with the California Tort Claims Act, and when it was filed.

24             Because plaintiff Porter was not involved in the bike incident, and other claims

25 she might have had should be dismissed, it is recommended that she be dismissed as a plaintiff.

26 On amendment, the only plaintiff permitted should be Christopher Jones, Sr.

                                          12

1    The Civil Rights Act under which this action was filed provides as follows:

2    Every person who, under color of [state law] . . . subjects, or causes
     to be subjected, any citizen of the United States . . . to the
3    deprivation of any rights, privileges, or immunities secured by the
     Constitution . . . shall be liable to the party injured in an action at
4    law, suit in equity, or other proper proceeding for redress.

5    42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

6    actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

7    Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

8    (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

9    meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or

10   omits to perform an act which he is legally required to do that causes the deprivation of which

11   complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

12   Moreover, supervisory personnel are generally not liable under § 1983 for the

13   actions of their employees under a theory of respondeat superior and, therefore, when a named

14   defendant holds a supervisorial position, the causal link between him and the claimed

15   constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862

16   (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S.

17   941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel

18   in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th

19   Cir. 1982).

20   On amendment plaintiff Jones must specify which defendants stopped, harassed,

21   searched, and cited him for lack of a bicycle light.  If any of the named defendants were not

22   involved in this incident, plaintiff must drop them from this action or they will be dismissed.

23   4. September 20, 2006 Incident

24   Plaintiff alleges he was informed by his attorney that defendant Bevugloz misled

25   Judge Shockely to sign a search warrant based on a fraudulent account application that

26   supposedly had Jones' name on it.  Defendant Burkely received evidence against Jones, knowing

13

1  his name was not on the CD or the application falsely presented by Bevugloz.  Am. Compl. at 7.

2  This allegation is not time barred, but it is unknown whether it relates to Jones'

3  pending criminal case.  Therefore, on amendment, Jones must state whether these allegations

4  relate to his underlying criminal prosecution.  The second amended complaint must state which

5  legal theories plaintiff Jones relies upon to support this allegation.

6  Plaintiff Jones is informed the court cannot refer to prior pleadings in order to

7  make an amended complaint complete.  Local Rule 15-220 requires that an amended complaint

8  be complete in itself.  This is because, as a general rule, an amended complaint supersedes the

9  original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Accordingly, once

10  plaintiff files an amended complaint, the original no longer serves any function in the case.

11  Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not

12  alleged in the amended complaint," London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th

13  Cir.1981), and defendants not named in an amended complaint are no longer defendants.  Ferdik

14  v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).

15  At the hearing, plaintiffs asked the court whether they could include claims of

16  ongoing harassment which are not part of the current action.  Because this case was filed over a

17  year ago, and is still not past the pleading stage, the court will not permit further amendment to

18  include later incidents.

19  B.  Motion to Strike

20  Because defendants' motion to dismiss is granted, defendants' motion to strike is

21  denied as unnecessary.  Plaintiff Jones is informed, however, that his second amended complaint

22  must be signed.  Rule 11 of the Federal Rules of Civil Procedure provides that all pleadings shall

23  be signed either by an attorney, or, if the party is proceeding in propria persona, by the party.  The

24  Rule further provides that signature by the attorney or party constitutes certification by the signer

25  that the document is grounded in fact and brought in good faith.

26  \\\\\\

14

1    The second amended complaint must allege civil rights violations against Lasonja

2 Porter and Christopher Jones, Sr. only, and may not allege such violations against Christopher

3 Jones, Jr.[4]  Further, the second amended complaint may not contain exhibits as the second

4 amended complaint must be complete in and of itself.  E.D. Local Rule 15-220.  This is because,

5 as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay,

6 375 F.2d 55, 57 (9th Cir. 1967).  Accordingly, once plaintiff files an amended complaint, the

7 original no longer serves any function in the case.  Therefore, "a plaintiff waives all causes of

8 action alleged in the original complaint which are not alleged in the amended complaint,"

9 London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir.1981), and defendants not named in

10 an amended complaint are no longer defendants.  Ferdik, 963 F.2d at 1262.

11    Lasonja Porter is the only plaintiff who completed an in forma pauperis

12 application in this case.  Plaintiff Jones has not filed an application to proceed without

13 prepayment of fees, and has not paid the fee ordinarily required to file an action in this court.  See

14 28 U.S.C. §§ 1914(a), 1915(a).  Plaintiff Jones will be provided the opportunity to submit either

15 the appropriate affidavit in support of a request to proceed in forma pauperis or the appropriate

16 filing fee.

17 V.  CONCLUSION

18    Accordingly, IT IS HEREBY ORDERED that:

19    1.  Plaintiff Jones shall submit, within twenty days from the date of this order,

20 either a completed application and affidavit in support of his request to proceed in forma

21 pauperis on the form provided by the Clerk of Court, or the appropriate filing fee; plaintiff Jones'

22 failure to comply with this order will result in a recommendation that this action be dismissed as

23 to this plaintiff; and

24 \\\\\

25

26    [4] Christopher Jones, Jr. was eliminated from the amended complaint because the court
previously informed plaintiffs that minors had to retain their own counsel.

1        2.  The Clerk of the Court is directed to send plaintiff Jones an Application to

2    Proceed In Forma Pauperis.

3        IT IS HEREBY RECOMMENDED that:

4        1.  Defendant Superior Court's motion to dismiss, filed June 21, 2007, be granted,

5    and this defendant dismissed.

6        2.  Motion to dismiss and to strike by defendants Hyde, Pierce, Anderson,

7    Bevugloz, and Franti, filed July 13, 2007, be granted in part.

8        3.  The Hyde defendants' motion to dismiss plaintiff Porter be granted.

9        4.  The amended complaint be dismissed, and plaintiff Jones only be granted leave

10   to file a second amended complaint in accordance with the findings and recommendations herein.

11       These findings and recommendations are submitted to the United States District

12   Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within

13   twenty days after being served with these findings and recommendations, plaintiffs may file

14   written objections with the court.  The document should be captioned "Objections to Magistrate

15   Judge's Findings and Recommendations."  Plaintiffs are advised that failure to file objections

16   within the specified time may waive the right to appeal the District Court's order.  Martinez v.

17   Ylst, 951 F.2d 1153 (9th Cir. 1991).

18   DATED: 12/14/07

19                            /s/ Gregory G. Hollows

                                                  _____

20   GGH:076 - Porter2099.mtd.wpd           GREGORY G. HOLLOWS,

                                               UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26